UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRIAN RAY BATISTE**                                      **CIVIL ACTION**

**VERSUS**                                                 **NO. 11-1025**

**STEVE RADER, WARDEN**                                    **SECTION "C"(5)**


## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Brian Ray Batiste, currently incarcerated in Dixon Correctional Center, Jackson, Louisiana, was indicted by a grand

jury on the charge of second degree murder in violation of LSA-R.S. 14:30.1.  Petitioner pled not guilty at arraignment.  On February 14, 2006, petitioner proceeded to trial by a twelve-person jury in the Twenty-Third Judicial District Court for the Parish of St. James.  The following day, the jury unanimously found petitioner guilty of the lesser crime of manslaughter. (St. rec., vol. 4, pp. 774-779).  On July 10, 2006, the trial court sentenced petitioner to 40 years incarceration with credit for time served. (St. rec., vol. 4, pp. 780-786).

On April 11, 2007, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence.  <u>State v. Batiste</u>, 958 So.2d 24 (La. App. 5 Cir. 2007).  Thereafter, petitioner did not apply for rehearing nor did he seek review with the Louisiana Supreme Court.  Thus, under the provisions of La.C.Cr.P. art. 922, petitioner's conviction and sentence became final 14 days later, on April 25, 2007, when the delay for applying for rehearing expired.[1]

On April 14, 2008, counsel filed on petitioner's behalf an

---

[1] La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
    A.  Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
    B.  A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

application for post-conviction relief with the state district court. (St. rec., vol. 4 of 5).[2] On April 13, 2010, the district court, having "reviewed the Application and Supplemental Application for Post-Conviction Relief," issued a reasoned opinion denying petitioner post-conviction relief. (St. rec., vol. 5 of 5).

On May 11, 2010, petitioner, through counsel, timely filed a notice of intent to seek supervisory writs to the Louisiana Fifth Circuit Court of Appeal. (St. rec., vol. 5). The district court, following counsel's motion for an extension of time, ultimately ordered that petitioner's writ application be filed no later than June 11, 2010. (St. rec., vol. 5 of 5). In accordance therewith, on June 11, 2010, counsel filed on petitioner's behalf a writ application with the Louisiana Fifth Circuit Court of Appeal. (St. rec., vol. 5 of 5). On June 30, 2010, the Louisiana Fifth Circuit Court of Appeal denied petitioner's writ application, providing: "[W]e find the trial court did not err in denying relator's application for post-conviction relief and supplemental application for post-conviction relief." State v. Batiste, No. 2010-KH-502

---

[2]Thereafter, a supplemental application for post-conviction relief was filed on petitioner's behalf.

(La. App. 5 Cir. 2010) (unpublished opinion).[3]

Under the provisions of Louisiana Supreme Court Rule X, Section 5(a), petitioner had 30 days within which to timely seek relief from the Louisiana Supreme Court in connection with the state appellate court's June 30, 2010 adverse opinion.[4] It was not until 32 days later, on August 2, 2010, that counsel filed petitioner's writ application with the Louisiana Supreme Court. (St. rec., vol. 5 of 5).[5] On March 25, 2011, the Louisiana Supreme Court issued a one-word opinion, providing that petitioner's writ

---

[3] A copy of the state appellate court's unpublished decision is contained in the State rec., vol. 5.

[4] La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

[5] Because petitioner's post-conviction application was filed by counsel, he is not entitled to the benefit of the mailbox rule. Under the mailbox rule, a pleading filed by a prisoner acting pro se is considered to be filed on the date it was delivered to prison officials for mailing, rather than the date the pleading was received by the court. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). As evidenced by the file-stamped date, the "Petition for Writ of Certiorari" which counsel filed on petitioner's behalf was received by the Louisiana Supreme Court on August 2, 2010.

application was "Denied."  State v. Batiste, 61 So.3d 660 (La. 2011).

On April 7, 2011, petitioner filed the instant habeas corpus action.[6]  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus action pursuant to 28 U.S.C. §2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[7]  See 28 U.S.C. §2244(d)(1) (West 2011), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's judgment became final on April 25, 2007, when the 14-day deadline for seeking rehearing expired, and his time for seeking review ended May 11, 2007, when his 30-day time limit for seeking relief from the Louisiana Supreme Court expired. Thus, petitioner had a year from May 11, 2007, until May 12, 2008,

---

[6]As petitioner's habeas application was filed pro se, he is entitled to the benefit of the mailbox rule.  Petitioner certified, on page 16 of his habeas application, "that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 4-7-11."

[7]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

5

to timely seek federal habeas corpus relief.[8]

As noted above, petitioner did not file the instant action until April 7, 2011, almost three years after his limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. §2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As provided above, petitioner, on April 14, 2008, filed an application for post-conviction relief with the state district court, thereby tolling prescription. At that point, petitioner had 28 days remaining in his one-year prescriptive period.

Following the state district court's denial of his post-conviction application, petitioner timely sought relief from the state appellate court. As such, prescription remained tolled. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-770. (5th Cir. 2004).

---

[8]Because May 11, 2008, fell on a Sunday, petitioner's prescriptive period was extended by one day, to Monday, May 12, 2008.

The Louisiana Fifth Circuit denied petitioner's writ application on June 30, 2010. Batiste, No. 2010-KH-502. As noted earlier, under the dictates of Louisiana Supreme Court Rule X, §5(a), petitioner had 30 days, until July 30, 2010, to timely seek relief in connection with the state appellate court's adverse decision. Because petitioner's supreme court writ application was not filed until August 2, 2010, it was untimely, and a federal habeas petitioner receives no tolling credit whatsoever for an untimely Louisiana Supreme Court writ application. Williams v. Cain, 217 F.3d 303, 310 (5th Cir. 2000); see also Marshall v. Warden, Avoyelles Correctional Center, Civ. Action No. 09-7231, 2010 WL 2977375, *2 (E.D. La. June 11, 2010), adopted, 2010 WL 2978218 (E.D. La. July 20, 2010); Boudreaux v. Cain, Civ. Action No. 07-1041, 2009 WL 4730706, *4 (E.D. La. Dec. 9, 2009); Jenkins v. Cooper, Civ. Action No. 07-0216, 2009 WL 1870874, *5 (E.D. La. June 26, 2009); Orgeron v. Cain, Civ. Action No. 06-1451, 2006 WL 2789087, *5 (E.D. La. Sept. 8, 2006). Accordingly, statutory tolling ceased on July 30, 2010. Grillette, 372 F.3d at 769-71 (a state application ceases to be pending, and tolling therefore ends, when the time for appellate review expires).

Prescription once again commenced to run on July 31, 2010. As petitioner had only 28 days of his 365-day statute of limitations remaining, his prescriptive period expired on August 27, 2010,

7

almost a year before he filed the instant action.

Based upon the above, it clear that absent a basis for equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner has been actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), the instant matter is time barred. Petitioner, however, offers no basis for equitably tolling prescription and this Court's review of the record has not uncovered any such basis. Accordingly;

## **RECOMMENDATION**

It is hereby recommended that the application for federal habeas corpus relief filed by petitioner, Brian Ray Batiste, should be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en*

*banc*).[9]

New Orleans, Louisiana, this  6th  day of    December   , 2011.

      _____
            ALMA L. CHASEZ
      UNITED STATES MAGISTRATE JUDGE

---

[9]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

9